IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JUSTIN ROLAND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CITY BEAUTY, LLC,

    Defendant.

Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant City Beauty, LLC ("City Beauty" or "Defendant"), hereby removes Case No. 2022CA002242 from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (the "State Court Action") to the United States District Court for the Southern District of Florida. City Beauty's grounds for removal are as follows:

### I.    NATURE OF THE CASE

1. On December 1, 2022, Plaintiff, Justin Roland ("Plaintiff"), initiated the State Court Action in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. A true and correct complaint in the State Court Action (the "Complaint") served upon Defendant is attached hereto as **Exhibit A.**

2. Defendant was served with the Complaint and summons in the State Court Action on January 20, 2023 when it, by and through its counsel, waived service of process.[1] A true and

---

[1] On January 17, 2023, Plaintiff filed a Return of Service claiming that service of process on Defendant occurred on December 29, 2023. *See* Exhibit D. Defendant disputed that proper service of process occurred. Therefore, on January 20, 2023, Plaintiff requested that Defendant sign a

correct copy of the Waiver of Service of Process is attached hereto as **Exhibit B.**

3. A copy of the State Court Docket Sheet is attached as **Exhibit C.** A copy of all other papers filed in the State Court Action are attached hereto as **Exhibit D**.

4. The Complaint alleges that City Beauty violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by making calls and/or sending texts without Plaintiff's consent. **Exhibit A**, ¶¶ 11-12, 29-30. Plaintiff brings a single count for alleged violations of the FTSA. *Id*. Plaintiff filed the State Court Action "on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*. at ¶ 32.

5. According to Plaintiff, the FTSA entitles Plaintiff and putative class members "to a minimum of $500.00 in damages for each violation" of the FTSA. *Id.* at ¶ 49. Plaintiff also seeks injunctive relief. *Id.*

6. Plaintiff seeks to represent a class of "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment utilized to call Plaintiff." *Id.* at ¶ 32.

7. This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA") and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000.00, exclusive of

---

Waiver of Service of Process pursuant to Fla. R. Civ. P. 1.070 and Defendant, through its counsel, signed the Waiver of Service of Process.

interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

8. Defendant is required to file its notice of removal within thirty days of formal service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Accordingly, Defendant is required to file its notice of removal on or before February 19, 2023.

9. City Beauty denies Plaintiff's allegations, denies it engaged in any wrongdoing, disputes Plaintiff's asserted claims, and disputes that Plaintiff is entitled to any relief on both an individual and a class-wide basis. City Beauty addresses Plaintiff's claims and allegations herein solely to demonstrate the propriety of removal based on Plaintiff's allegations but maintains that it did not violate the FTSA or any applicable statute and Plaintiff and the purported class are not entitled to any relief.

## II.  ALL THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED.

### A.  Class Action.

10. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

11. A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition as Plaintiff's suit is brought "on behalf of himself individually and on behalf of all other similarly situated persons as a class action....." Ex. A, ¶ 32. The Complaint itself is also styled as a "Class Action Complaint" and contains an

entire section devoted to "Class Representation Allegations" purporting to be "[p]ursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*.

### B.   Diversity of Citizenship.

12.   The diversity requirement of § 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." The citizenship of a limited liability company for purposes of determining diversity jurisdiction is based upon the citizenship of all the members of the limited liability company. *See Rolling Greens MHP v. Comcast*, 374 F. 3d 1020, 1022 (11th Cir. 2004).

13.   Here, this requirement is met as there is complete diversity of citizenship between the named Plaintiff and City Beauty. City Beauty is a limited liability company organized in California. At the time of the commencement of this action and as of the date of this Notice of Removal, City Beauty has three members: (1) Golden Hippo Midco, LLC ("GHM"), (2) a privately held corporation organized under the laws of California and with its principal place of business in California, and (3) a privately held limited liability company organized under the laws of Texas.

14.   GHM is a limited liability company organized in Delaware. GHM has one member, which is a limited liability company organized in California. That California LLC has one member, which is a limited liability company organized in Delaware.  That Delaware LLC has one member, which is a corporation with its place of incorporation and principal place of business in California.

15.   The Texas LLC has one member who is an individual who resides in and intends to remain in Texas; this individual is domiciled in Texas and, therefore, a citizen of Texas.

16.   Therefore, at the time of the commencement of this action and as of the date of this Notice of Removal, City Beauty is a citizen of the States of California and Texas.

17.     At the time of the commencement of this action and as of the date of this Notice of Removal, Plaintiff is a citizen of the State of Florida. To be a citizen of the State of Florida for purposes of diversity, a person's domicile must be in the State of Florida. *Adderley v. Three Angels Broadcasting Network, Inc.*, 2019 WL 7189887, *2 (S.D. Fla. Dec. 26, 2019). "Domicile is determined by two factors: (1) residence and (2) intent to remain." *Id.* "In determining domicile, a court should consider both positive evidence and presumptions." *Id.* "One such presumption is that the state in which a person resides at any given time is also that person's domicile." *Id.* Plaintiff alleges he was "residing in and physically present in St. Lucie County, Florida" at the time he allegedly received the text messages at issue. **Exhibit A**, at ¶9. Plaintiff further alleges he has received the alleged texts from Defendant "[o]ver the past year." *Id.* at ¶11. Thus, pursuant to the allegations of the Complaint, Plaintiff is a resident of St. Lucie County, Florida. Plaintiff does not allege that he has resided in another State or that his domicile is in another State. Accordingly, Plaintiff is presumed to be a citizen of the State of Florida. Thus, at least one member of the class of plaintiffs and, in fact, the named plaintiff himself, is a citizen of a state different from that of the sole Defendant in this action, satisfying the diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A).

    **C.**     **Number of Proposed Class Members.**

18.     Plaintiff alleges in his Complaint that the number of class members is believed to be "in the several thousands, if not more." **Exhibit A**, ¶33. Thus, based on Plaintiff's own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied for purposes of 28 U.S.C. § 1332(d)(5)(B).

### D. Amount in Controversy.

19. CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). The amount in controversy is not proof of "how much the plaintiffs are ultimately likely to recover" and is instead an "estimate of how much will be put at issue during the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. While City Beauty denies any wrongdoing and denies that Plaintiff or any purported class is entitled to any of the relief sought in the Complaint, the relief that Plaintiff seeks through statutory damages exceeds CAFA's $5,000,000 amount-in-controversy requirement.

21. Plaintiff seeks "a minimum of $500.00 in damages" for each alleged violation of the FTSA. **Exhibit A**, ¶49. Plaintiff seeks to certify a class of all individuals in Florida who received a call or text from Defendant regarding Defendant's good and/or services. *Id.* at ¶56. Plaintiff alleges the class members to be "in the **several thousands**, if not more." *Id.* at ¶52 (emphasis added).

22. Plaintiff further alleges in the Complaint that Defendant has sent "dozens" of text messages to Plaintiff "[o]ver the past year." *Id.* at ¶11. Plaintiff alleges that Defendant "caused similar telephonic sales calls to be sent to other individuals residing in Florida." *Id.* at ¶13.

23. More than 10,000 texts were sent to phone numbers with a Florida area code.[2]

---

[2] City Beauty denies that any texts sent by it or on its behalf violate any law, including the FTSA. Nor does City Beauty admit that the recipients of such texts would be class members. Instead, City Beauty appropriately relies on Plaintiff's own allegations for purposes of showing that removal under CAFA is proper because Plaintiff's claim has placed at issue more than 10,000 texts (the

Therefore, pursuant to the allegations in the Complaint and the number of texts sent to phone numbers with a Florida area code (more than 10,000 text messages), the allegations in the Complaint put at issue more than $5,000,000.

### E. No CAFA Exclusions Apply.

24. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because City Beauty, the sole defendant in this action, is not a citizen of Florida, the state in which the action originally was filed, and, therefore, no exclusion applies.

### III. REMOVAL IS OTHERWISE PROCEDURALLY PROPER

25. City Beauty was served with the Complaint and Summons in the State Court Action on January 20, 2023. **Exhibit B**. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

26. This Court is part of the "district and division embracing the place where" the State Court Action was filed: St. Lucie County, Florida. 28 U.S.C. § 1441(a) and 1446(a).

27. A Notice of Filing Notice of Removal is to be filed in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida and a true and correct copy of the same is attached hereto as **Exhibit E**. A copy of this Notice of Removal is also being filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).

WHEREFORE, City Beauty respectfully removes this action, now pending in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, to the United States District Court for the Southern District of Florida.

---

texts sent by Defendant to numbers with a Florida area code) which, at a minimum of $500.00 per text, meets the amount in controversy requirement of $5,000,000.

Dated: January 30, 2023

Respectfully submitted,

s/Yameel L. Mercado Robles
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
*Attorneys for Defendant City Beauty, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished this 30th day of January, 2023, via electronic mail upon the following:

Andrew J. Shamis
Florida Bar No. 101754
Garrett O. Berg
Florida Bar No. 1000427
ashamis@shamisgentile.com
gberg@shamisgentile.com
SHAMIS & GENTILE P.A.
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299
*Attorneys for Plaintiff*

*s/ Yameel L. Mercado Robles*